LOWY, J. (concurring).
While the court's outcome is legally correct under present law, I appreciate the call, in Justice Cypher's opinion concurring in part and dissenting in part, for Massachusetts to recognize a good faith exception to the exclusionary rule. As Justice Cypher's opinion emphasizes, "The primary purpose of the exclusionary rule is to deter future police misconduct by barring, in a current prosecution, the admission of evidence that the police have obtained in violation of rights protected by the Federal and State Constitutions." Commonwealth v. Santiago, 470 Mass. 574, 578, 24 N.E.3d 560 (2015). See Davis v. United States, 564 U.S. 229, 236-237, 131 S.Ct. 2419, 180 L.Ed.2d 285 (2011) ;
**86 United States v. Leon, 468 U.S. 897, 909, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). There is no deterrent value in suppressing evidence "when the police act with an objectively 'reasonable good-faith belief' that their conduct is lawful." Davis, supra at 238, 131 S.Ct. 2419, quoting Leon, supra. On the other hand, there is value in the certainty that a constitutional violation will have consequences.
However, since Massachusetts has never recognized the "good faith" exception, Commonwealth v. Valerio, 449 Mass. 562, 569, 870 N.E.2d 46 (2007), adopting this exception to the exclusionary rule would be a significant departure from our present jurisprudence. Such a departure, in my opinion, should not be made in a situation where neither party raised the issue, either below or before this court. So although I recognize the potential benefits to adopting a good faith exception to the exclusionary rule in the Commonwealth, such a major question would be best answered after both sides to the argument are presented to the court and we determine whether to adopt or reject such a change after due consideration.